```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND


FELIPE ALMONTE,                     :
            Petitioner,             :
      v.                            :        CA 09-384 S
                                    :
STATE OF RHODE ISLAND,              :
            Respondent.             :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] filed by Felipe Almonte ("Petitioner"), a prisoner at the Adult Correctional Institutions ("A.C.I.") in Cranston, Rhode Island.  See Petition for Writ of Habeas Corpus (Document ("Doc.") #1) ("Petition").  The State of Rhode Island (the "State") has filed a motion to dismiss.  See State of Rhode Island's Motion to Dismiss Plaintiff's "Petition under 28 USC §

---

[1] Petitioner has cited 28 U.S.C. §§ 2255 and 2256 on the face of his Petition, see Petition at 1, but these sections do not apply to him.  Section 2255 is inapplicable because Petitioner is a state and not a federal prisoner.  See Gladfelter v. Attorney General of the Commonwealth of Pennsylvania, No. 4:CR-08-00275, 2009 WL 1324053, at *5 (M.D. Pa. May 8, 2009)("A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the 'fact or duration' of his confinement.")(quoting Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827 (1973)); see also Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997)(noting difference between habeas petitions brought by federal prisoners pursuant to 28 U.S.C. § 2255 and those brought by state prisoners pursuant to 28 U.S.C. §§ 2241-2254).  Section 2256 authorizes the bankruptcy court to issue writs of habeas corpus to bring a person before the bankruptcy court for certain purposes or ordering the release of a debtor.  See 28 U.S.C. § 2256.  The statute grants no jurisdiction to this Court.  Accordingly, the Court treats Plaintiff's Petition as being brought pursuant to 28 U.S.C. § 2254.

2254 for Writ of Habeas Corpus by a Person in State Custody" (Doc. #8) ("Motion to Dismiss" or "Motion"). The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary. After reviewing the filings and performing independent research, I recommend that the Motion be granted for the reasons stated herein.

### Parties Contentions

Petitioner states in his filings[2] that he has been held at the A.C.I. since on or about June 28, 2009, as an alleged violator of the probation which he received in the matter of <u>State of Rhode Island v. Felipe C. Almonte</u>, Information P2/97-3694A. <u>See</u> Memorandum in Support of Petition for Writ of Habeas Corpus ("Petitioner's Mem.") at 2 (stating that Petitioner was presented as a probation violator on June 28, 2009); Motion to Amend & Supp[l]ement Petition for Writ of Habeas Corpus Relief (Doc. #7) ("Motion to Amend") at 2 (stating that he was brought before the superior court on June 29, 2009). Petitioner claims "that his probation was over by the time he was arrested/or presented as a violator of his probation and the State court

---

[2] Petitioner's filings are: the Petition, the Memorandum in Support of Petition for Writ of Habeas Corpus ("Petitioner's Mem."), Plaintiff's Objection to Defendant's Motion to Dismiss (Doc. #11) ("Objection"), the Motion to Amend & Supp[l]ement Petition for Writ of Habeas Corpus Relief (Doc. #7) ("Motion to Amend"), and Plaintiff's Objection to Defendant's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #12) ("Supplemental Objection").

2

lacks jurisdiction to revoke his probation." Petitioner's Mem. at 2. Petitioner further claims that his present confinement violates his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and also Rhode Island Gen Laws § 12-19-8. Petition at 1.

The State seeks dismissal of the Petition on the ground that Petitioner has not exhausted his remedies in state court. See State of Island's Memorandum in Support of Its Motion to Dismiss Plaintiff's "Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("State Mem.") at 1-2. Petitioner responds to this argument by stating that there is an exception to the exhaustion requirement when a prisoner is denied access to the state court. See Plaintiff's Objection to Defendant's Motion to Dismiss (Doc. #11) ("Objection") at 1. He states that he has filed several pro se motions to dismiss the violation and that as of September 23, 2009, he has yet to appear before the state court.[3] See id. In further support of his contention that he should be excused from satisfying the exhaustion requirement, Petitioner argues: 1) that "[i]t is obvious that [he] is NO longer on Probation ...," id. at 2

---

[3] Petitioner notes parenthetically that being in the cellblock of the courthouse "do[es] not qualify as appearing before the court ...." Objection at 1.

(citing state docket sheet[4]); 2) that he filed a pro se motion for bail on the violation charge but has not been heard on his motion, see id.; 3) that no additional time can be added to his probation, see id. (citing State v. Chabot, 682 A.2d 1377, 1379[5] (R.I. 1996)); and 4) that R.I. Gen. Laws § 12-19-9[6] requires that a probation violation hearing be held within ten days of a defendant being presented as an alleged violator but Petitioner

---

[4] Petitioner has attached a copy of the docket sheet in State of Rhode Island v. Felipe C. Almonte, Information P2/97-3694A, to his Motion to Amend.

[5] Pinpoint citation by the Court.

[6] R.I. Gen. Laws § 12-19-9 states:

Whenever any person who has been placed on probation pursuant to § 12-9-8 violates the terms and conditions of his or her probation as fixed by the court, the police or the probation authority shall inform the attorney general of the violation, and the attorney general shall cause the defendant to appear before the court. The court may request the division of field services to render a report relative to the conduct of the defendant, and, pending receipt of the report, **may order the defendant held without bail for a period not exceeding ten (10) days, excluding Saturdays, Sundays, and holidays.** The court shall conduct a hearing to determine whether the defendant has violated the terms and conditions of his or her probation, at which hearing the defendant shall have the opportunity to be present and to respond. Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendant, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper.

R.I. Gen. Laws § 12-19-9 (bold added).

has been held "going on ... 90 days,"[7] see id.

## Exhaustion Law

The only relief which this Court has authority to provide is based on the habeas corpus statute, 28 U.S.C. § 2254, and that statute requires that a state prisoner first exhaust available state remedies.  See 28 U.S.C. § 2254(b)(1)(A);[8] Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007)("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies ...."); Slutzker v. Johnson, 393 F.3d 373, 379 (3rd Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554 (1991)("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any

---

[7] For the sake of clarity, the Court notes that R.I. Gen. Laws § 12-19-9 does not actually require that a violation hearing be held within ten days.  Rather, the statute limits to ten business days the period that an alleged violator may be held without bail pending such hearing.  See id.

[8] 28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> (A) **the applicant has exhausted the remedies available in the courts of the State**; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (bold added).

of his federal claims."); Lynch v. Ficco, 438 F.2d 35, 44 (1st Cir. 2006)(noting "that the petitioner must have properly presented the claim to the state court under the exhaustion requirement of § 2254(b)(1)"); Currie v. Matesanz, 281 F.3d 261, 267 (1st Cir. 2002)("[S]tate prisoners cannot simply present their claims to the state trial court; they must 'invoke[] one complete round of the State's established appellate review process.'")(quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999))(second alteration in original). Indeed, as if to emphasize the point, another provision of the habeas statute specifically states that:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. 2254(c).

### Question Presented

The question presented by the instant Motion is whether the failure of Petitioner to receive a hearing in the state superior court with respect to his motions challenging his almost four month confinement as an alleged violator of probation excuses him from satisfying the exhaustion requirement. The Court concludes that it does not.

### Discussion

> The exhaustion requirement is rooted in considerations of comity and is predicated on the notion that state courts

> should have an opportunity to correct their alleged constitutional violations before federal jurisdiction is invoked. Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir.1988)(citing Duckworth [v. Serrano, 454 U.S. 1,] at 2, 102 S.Ct. at 19). However, one need not exhaust available state court remedies when such efforts clearly would be futile. See Duckworth, 454 U.S. at 3-4, 102 S.Ct. at 20-21. One way in which "futility" may be established is by showing that relief has been diligently sought in the state courts but that those efforts have been frustrated by an inordinate delay on the state's part in hearing and resolving the petitioner's claim. Odsen v. Moore, 445 F.2d 806, 807 (1st Cir. 1971).

Whitman v. Ventetuolo, 781 F.Supp. 95, 98 (D.R.I. 1991).

Here the Court is unpersuaded that Petitioner has demonstrated that his efforts to obtain state relief in the state courts have been frustrated by inordinate delay. While he has been held almost four months, the Court has found no case holding that a delay of such length is sufficient to establish an absence of available state corrective process or that circumstances exist that render such process ineffective to protect the rights of petitioner. See Smith v. Scheiter, No. 06-C-0114, 2006 WL 335447, at *2 (E.D. Wis. Feb. 13, 2006)(holding that "there has not been an inordinate delay in the state court system" where petitioner's appeal had been pending less than one year and the state appellate court indicated that it was "not unusual to wait six to twelve months for a decision"); Middleton v. Klem, No. Civ.A.04-2810, 2004 WL 2244535, at *1 (E.D. Pa. Sept. 30, 2004)(stating that "20 months between conviction and [Post Conviction Colateral Relief Act] hearing can not fairly be described as

7

inexcusable or inordinate delay"); see also Watson v. Dragovich, Civil Action No. 06-CV-0020, 2007 WL 1437450, at *5 (E.D. Pa. May 14, 2007)("Generally, the delay has to be quite lengthy for the court to even consider whether it reaches a degree of 'inordinate.'"); cf. Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994)(holding two year delay in addressing petitioner's direct criminal appeal sufficient to raise presumption that state appellate process was ineffective); Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992)(finding that more than three year delay by state courts in deciding petition for post-conviction relief constituted inordinate delay); Wojtczak v. Fulcomer, 800 F.2d 353, 356 (3rd Cir. 1986)(concluding that three and one half year delay by state court in addressing petitioner's claim that his conviction is constitutionally infirm sufficient to excuse exhaustion).

    Moreover, Petitioner makes no contention that he has sought relief from the Rhode Island Supreme Court.  In an apparent attempt to address this circumstance, he asserts in his most recent filing that "there is an absence of available State corrective process; or circumstances exist[] that render such process ineffective to protect the rights of the applicant," Plaintiff's Objection to Defendant's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #12) ("Supplemental Objection"). The basis for this assertion is not entirely clear.  Petitioner

appears to contend that the Rhode Island Supreme Court has already decided the issue raised by his Petition and that the determination was adverse to his claim. See Supplemental Objection. In support of this contention Petitioner cites State v. Dantzler, 690 A.2d 338 (R.I. 1997) and State v. Jacques, 554 A.2d 193 (R.I. 1989), and seemingly indicates that in these opinions the state supreme court decided the issue which he is raising in his Petition. If so, the Court is unable to agree with this contention.

Petitioner's claim is that his probation was over by the time he was presented as a violator. See Petitioner's Mem. at 1; see also Objection at 2 (stating that "[i]t is obvious that [Petitioner] is NO longer on probation" and citing state docket sheet which reflects a probation sentence of six years with a start date of November 16, 2000). The defendants in Dantzler and Jacques did not contend, as Petitioner does, that their probationary sentences were over at the time they committed the acts constituting the violation or at the time they were presented as alleged violators. Rather, they argued that their probationary sentences had not commenced. See Dantzler, 690 A.2d at 338 ("the defendant contended that he could not have violated the terms of his probation because he had not yet begun either of the probationary periods"); Jacques, 554 A.2d at 194 (rejecting defendant's claim in part because of "prevailing view ... that

9

probation may be revoked by a court before a defendant completes serving his sentence and begins his probationary period"). Indeed, the Dantzler opinion has language which is arguably supportive of Petitioner's claim that his probation may not be revoked after it has expired. See Dantzler, 690 A.2d at 340 (stating that "the implied condition of good behavior ... remains **until expiration of the total term of the sentence**")(bold added). Accordingly, to the extent that Petitioner contends he should be excused from the exhaustion requirement because the Rhode Island Supreme Court has already decided the issue which he raises in a manner adverse to him and that because of this "there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect [Petitioner's] rights ...," 28 U.S.C. § 2254(b)(1), such contention is rejected.[9]

Having rejected Petitioner's argument that he should be excused from seeking relief in the state supreme court, I find he has not invoked one complete round of the State's established appellate review process which is necessary to satisfy the exhaustion requirement. See Thompson v. Sec'y for the Dep't of

---

[9] To the extent that Petitioner may contend that the decisions of the Rhode Island Supreme Court in State v. Dantzler, 690 A.2d 338 (R.I. 1997) and State v. Jacques, 554 A.2d 193 (R.I. 1989), render it futile for him to seek relief in state superior court, the Court rejects such contention for the same reasons expressed above with respect to the state supreme court.

Corrections, 517 F.3d 1279, 1283 (11th Cir. 2008)(concluding "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); accord Currie v. Matesanz, 281 F.3d at 267.  Thus, for this additional reason I find that Petitioner has not exhausted his state remedies.  See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993)("28 U.S.C. § 2254(b) conditions habeas relief upon state prisoners' exhaustion of state direct appeal and collateral review remedies").

### Findings and Conclusion

In summary, I find that the four month delay in the state superior court's consideration of Petitioner's claim does not demonstrate that there is "an absence of available State corrective process ...." 28 U.S.C. § 2254(b)(1).  I further find that Petitioner has not sought relief in the Rhode Island Supreme Court, and, therefore, he has not invoked one complete round of the Rhode Island's appellate review process.  For these reasons, I find that he has not satisfied the exhaustion requirement. Accordingly, I recommend that the Motion to Dismiss be granted.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten

11

(10)[10] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 23, 2009

---

[10] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).